IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNERON MEDICAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> VIORA LTD., VIORA INC., and COPPER LEAF DAY SPA & SALON, <br><br> Defendants. | Case No. 2:14-cv-639 <br><br> **Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Syneron Medical Ltd. ("Syneron"), by its undersigned attorneys, hereby files this Complaint against Defendants, Viora Ltd., Viora Inc. (collectively, "the Viora Defendants"), and Copper Leaf Day Spa & Salon ("Copper Leaf" and collectively, with the Viora Defendants, "Defendants").  In support of the Complaint, Syneron alleges as follows:

## NATURE OF THE SUIT

This is a multi-count action for: (1) patent infringement under the United States Patent Statute, 35 U.S.C. §§ 1, et seq., arising from Defendants' infringement of the patent-in-suit relating to a method and system for treating skin; (2) false patent marking under 35 U.S.C. § 292; (3) false advertising under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act); and (4) unfair competition under Texas common law.

## THE PARTIES

1. Plaintiff Syneron is an Israeli corporation, with its principal place of business at Tavor Building 4, Industrial Zone, P.O.B. 550, Yokneam, 20692, Israel.

2. On information and belief, Defendant Viora Ltd. is an Israeli corporation, with its principal place of business at 3 Maskit St., 3rd Floor, Herzliya, 46733, Israel.  On information

and belief, among other products, Viora Ltd. makes and sells skin treatment devices including the Viora Reaction.

3.      On information and belief, Defendant Viora Inc. is a Delaware corporation, with its principal place of business at 392 Summit Avenue, Jersey City, New Jersey 07306, and serves as the U.S. sales and distribution arm for Viora Ltd.

4.      On information and belief, Defendant Copper Leaf is a Texas business, with its principal place of business at 209 North Main Street, Winnsboro, Texas 75494.  On information and belief, Copper Leaf purchases, provides, and uses Viora Reaction products.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants. On information and belief, each Defendant has been and is doing business within the State of Texas. On information and belief, the Viora Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, local representatives and others),  ship, distribute, sell, offer for sale, and/or advertise (including through the provision of interactive web pages) accused Viora Reaction products and/or services in the United States, the State of Texas, and the Eastern District of Texas. On information and belief, Copper Leaf, directly or through subsidiaries or intermediaries, clinicians, medical professionals, and/or others, purchases, provides, uses, sells, offers for sale, and/or advertises Viora Reaction products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, clinicians, medical professionals, and/or others), have purposefully and voluntarily placed accused Viora Reaction products and/or services, as

described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. In addition, to their acts of patent infringement, Defendants have engaged in false advertising and unfair competition within the State of Texas and, more particularly, within the Eastern District of Texas.

7.      Moreover, on information and belief not only do the Viora Defendants cause their own infringing products to be sold in this judicial district, the Viora Defendants' website ("Viora website") is constructed to actively encourage conduct of others within the State of Texas by explicitly directing consumers to patronize at least twenty-eight Texas businesses who, on information and belief,  purchase, provide, use, sell, offer for sale, and/or advertise one or more Viora Reaction products and/or services.  Specifically, when visitors to the Viora website search for providers in Texas, the Viora Defendants, through their website, provide contact information for at least twenty-eight Texas providers, illustrate a map of Texas with each provider's location marked, provides driving directions to each provider, and actively encourage prospective consumers to "Contact your local representative today."   Consumers seeking a provider in "Marshall, Texas," for example, are shown a Texas map and are specifically directed by the Viora website, with driving directions, to Copper Leaf in Winnsboro, Texas.   Copper Leaf's website advertises and encourages consumers to "Try our New Skin Tightening Viora Reaction."

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE '054 PATENT

9.      U.S. Patent No. 6,662,054 (the "'054 Patent") is entitled, "Method and System for Treating Skin."  A true and correct copy of the '054 Patent is attached hereto as Exhibit A.

10.      The '054 Patent duly and legally issued, from the United States Patent and

Trademark Office (hereinafter "USPTO"), on December 9, 2003, with named inventors Michael Kreindel and Amir Waldman.

11.     Last year, a panel of three specialist United States Patent Examiners reexamined the '054 Patent, and confirmed the patentability of both the original claims and new claims added in the reexamination process.  A Reexamination Certificate issued on August 27, 2013, a true and correct copy of which is attached hereto as Exhibit B.

12.     The '054 Patent is duly assigned to Syneron Medical Ltd. by virtue of an assignment dated April 15, 2002.  Because Syneron owns by assignment the entire right, title and interest in and to the '054 Patent, Syneron has standing to sue and recover for infringement of the '054 Patent.

## SYNERON'S TECHNOLOGY

13.     Syneron is informed and believes, and based thereon alleges, that Syneron and the Viora Defendants are competitors in the field of aesthetic medical devices.  For example, Syneron's Velashape products compete with Defendants' Reaction products.

14.     Syneron invented the technology at issue and patented it in the '054 Patent. Syneron is informed and believes, and based thereon alleges, that the accused products, including the Viora Reaction, infringe the '054 Patent.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,662,054

15.     Syneron incorporates by reference and realleges paragraphs 1-14 of this Complaint as if fully set forth herein.

16.     Syneron is informed and believes, and based thereon alleges, that Defendants have infringed, literally and/or under the doctrine of equivalents, and are continuing to infringe the '054 Patent in violation of 35 U.S.C. § 271(a) by engaging in acts that involve making, using,

selling, and/or offering to sell within the United States, and/or importing into the United States, products and services (including the Viora Reaction and use of the Viora Reaction) that embody one or more claims of the '054 Patent, including by way of example only, at least Claims 1 and 8 of the '054 Patent.

17.     Syneron is informed and believes, and based thereon alleges, that the Viora Defendants induce infringement by others in violation of 35 U.S.C. § 271(b). On information and belief, the Viora Defendants have possessed and continue to possess the specific intent to induce infringement of the '054 Patent by encouraging others to make, use, sell, and/or offer to sell within the United States, and/or import into the United States, products and services (including the Viora Reaction and use of the Viora Reaction) that embody one or more claims of the '054 Patent, including by way of example only, at least Claims 1 and 8 of the '054 Patent.  Syneron is informed and believes, and based thereon alleges, that the Viora Defendants were aware of the '054 Patent at the time they engaged in their directly and/or indirectly infringing activities and, in any event, were aware of the '054 Patent before the service date of this Complaint.  Moreover, on information and belief, the Viora Defendants actively encouraged (including through their marketing, product literature, websites, and other published and electronic materials and resources related to these products) and specifically intended their customers and others to  use, sell, and/or offer to sell within the United States, and/or import into the United States products and services (including the Viora Reaction and use of the Viora Reaction) in an infringing manner. On information and belief, the Viora Defendants' customers (including Copper Leaf), who purchase the Viora Reaction and operate such system and components thereof within the United States, directly infringe one or more claims of the '054 Patent, in violation of 35 U.S.C. § 271(a).

18.    Syneron is informed and believes, and based thereon alleges, that the Viora Defendants contribute to the infringement by others, such as Copper Leaf, in violation of 35 U.S.C. § 271(c), including by way of example only, of at least Claims 1 and 8 of the '054 Patent. Based on information and belief, Viora Defendants have offered to sell or sold within the United States and/or imported into the United States a component of products (including the Viora Reaction or components thereof) that constitute a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '054 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing uses. On information and belief, the Viora Defendants' customers (including Copper Leaf), who purchase the Viora Reaction and operate such system and components thereof within the United States, directly infringe one or more claims of the '054 Patent, in violation of 35 U.S.C. § 271(a).

19.    On information and belief, the Viora Defendants are infringing the '054 Patent with knowledge of the '054 Patent and without a reasonable basis for believing its conduct is lawful.  On information and belief, the Viora Defendants knew of the subject matter of Syneron's '054 Patent at least as early as July 18, 2011, when the published version of Syneron's '054 patent application (U.S. Patent Application Publication No. 2003/0187488; "the original publication of Syneron's '054 patent application"), was cited by the United States Patent and Trademark Office as Viora attempted to obtain a patent of its own.  Repeatedly, the United States Patent and Trademark Office continues to deny Viora a patent, citing the original publication of Syneron's '054 patent application as a reason for denial.[1]   And Viora, through its outside counsel at the law firm of Pearl Cohen Zedek, Latzer Baratz LLP, has repeatedly responded to Office

---

[1] Since Viora filed its patent application (U.S. Patent Application No. 12/245,374) on October 3, 2008, the United States Patent and Trademark Office rejected Viora's application four times in view of the original publication of Syneron's '054 patent application.

Actions and conducted telephone interviews with the U.S. Patent Examiner, discussing the original publication of Syneron's '054 patent application, and attempting unsuccessfully to change the position of the U.S. Patent and Trademark Office.

20.     Defendants' accused activities have been without authorization or consent from Syneron.

21.     Upon information and belief, Defendants will continue to infringe the '054 Patent unless enjoined by this Court.  As a result of Defendants' infringing conduct, Syneron has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Syneron is entitled to preliminary and permanent injunctive relief against such infringement, pursuant to 35 U.S.C. § 283.

22.     As a result of the infringement of the '054 Patent, Syneron has been and continues to be damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

23.     The Viora Defendants' past and continuing infringement of the '054 Patent has been deliberate and willful without a reasonable basis for believing its conduct is lawful, warranting an award of treble damages, pursuant to 35 U.S.C. § 284.

24.     This is an exceptional case within the meaning of 35 U.S.C. § 285, justifying an award of attorney fees and costs to Syneron.

## COUNT II - FALSE PATENT MARKING

25.     Syneron incorporates by reference and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26.     The Viora Defendants advertise in materials on the Viora website and in other forms that Viora Reaction technology is patented, and refers to its allegedly patented "multi-

frequency" feature as the distinction that differentiates Viora Reaction from competition.

27.     On information and belief, the Viora Defendants' technology is not patented, and the Viora Defendants' statement to the contrary is false.

28.     Moreover, the allegedly patented multi-frequency feature was developed earlier at Syneron for Syneron's competing "Vela" product.  Thereafter, the Vela project manager and Vela engineers left Syneron and began working with the Viora Defendants to incorporate Syneron's multi-frequency feature into the Viora Reaction product.

29.     By falsely claiming that the multi-frequency feature is patented by the Viora Defendants, the Viora Defendants are deceiving the public and causing commercial harm to Syneron, causing Syneron to lose sales.

30.     As a result of the Viora Defendants' false patent marking and use thereof to obtain business, Syneron has suffered competitive injury and been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 292, in an amount to be determined at trial.

### COUNT III - FALSE ADVERTISING UNDER § 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(B)

31.     Syneron incorporates by reference and realleges the allegations of paragraphs 1-30 of this Complaint as if fully set forth herein.

32.     On information and belief, the Viora Defendants' falsely claim that their Reaction product is patented (when it is not) and that they are the inventor of multi-frequency RF skin treatment (when they are not).

33.     The Viora Defendants' actions, as described above, constitute false and/or misleading representations of fact, which in commercial advertising and promotion, misrepresent

the nature, characteristics, and/or qualities of the Viora Defendants' goods in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

34.     The Viora Defendants' claims that their Reaction product is patented and that they are the inventor of multi-frequency RF skin treatment are false and misleading and are likely to cause confusion, mistake, and deception.

35.     The Viora Defendants' acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Syneron.

36.     Syneron is informed and believes, and based thereon alleges, that the Viora Defendants' wrongful acts are a proximate cause of the damage to Syneron's reputation and goodwill and has resulted in loss of sales.

37.     The Viora Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

38.     As a direct and proximate result of the willful actions, conduct, and practices of the Viora Defendants, Syneron has been damaged in an amount to be determined at trial and will continue to be irreparably harmed, and therefore is entitled to recover the Viora Defendants' profits, Syneron's damages, and the costs of the action and any applicable enhancements pursuant to 15 U.S.C. § 1117.

## COUNT IV - UNFAIR COMPETITION UNDER COMMON LAW

39.     Syneron incorporates by reference and realleges paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     On information and belief, the Viora Defendants have broadcast their false and misleading statements to businesses throughout Texas and have willfully encouraged Texas

businesses to repeat the same false and misleading statements on the websites of those Texas businesses.  As a result, and by way of example only, the Viora Reaction is advertised through the following websites of Texas companies: LcS Medical Spa, Westwind Cosmetic Laser, Ageless Med Spa, Wellskin Med Spa, You Only Younger, and Selah MediSpa.  On information and belief, the Viora Defendants know that their local representatives rebroadcast the false and misleading statements and by not correcting those misstatements, perpetuate them.

41.     Upon information and belief and based on the aforesaid acts, the Viora Defendants unfairly compete against Syneron by engaging in unlawful, unfair, and fraudulent practices in soliciting and maintaining customers for Viora Reaction products, for example, by advertising that Viora Reaction technology is patented and by suggesting that Viora is the innovator of the technology.

42.     Upon information and belief, Defendants' wrongful conduct has caused Syneron injury by competition and restraining trade in the manufacture and sale of Syneron's competing Vela product, diverting business from Syneron, and interfering with Syneron's prospective business relationships.

43.     The Viora Defendants' actions, as described above, constitute common-law unfair competition in Texas, including in this judicial district, and are violations of the common law of Texas, by reason of which Syneron has suffered, and will continue to suffer, irreparable injury.

44.     As a direct and proximate result of the willful actions, conduct, and practices of the Viora Defendants, Syneron has been damaged in an amount to be determined at trial and will continue to be irreparably harmed, and therefore is entitled to recover the Viora Defendants' profits, Syneron's damages, and the costs of the action and any applicable enhancements.

## **DEMAND FOR JURY TRIAL**

Syneron hereby demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Syneron respectfully prays that this Court enter judgment in its favor and award it the following relief:

A.       A judgment that Defendants have infringed the '054 Patent;

B.       A judgment and order that permanently restrain and enjoin Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, or others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '054 Patent in accordance with 35 U.S.C. § 283;

C.       A judgment and order that require Defendants to pay damages to Syneron adequate to compensate Syneron for Defendants' wrongful infringing acts, in accordance with 35 U.S.C. § 154(d) and §284; and. if necessary to compensate Syneron adequately for Defendants' infringement, that an accounting be ordered;

D.       A judgment and order that require the Viora Defendants to pay increased damages up to three times, in view of its willful and deliberate infringement of the '054 Patent, in accordance with 35 U.S.C. § 284;

E.       A finding in favor of Syneron that this is an exceptional case under 35 U.S.C. § 285, and an award to Syneron of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

F.       A judgment and order that require Defendants to pay to Syneron pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded;

G.      A judgment and order that requires the Viora Defendants to pay Syneron damages resulting from the Viora Defendants' false patent marking under 35 U.S.C. § 292 and which enjoins the Viora Defendants from further false marking;

H.      A judgment and order that requires the Viora Defendants to pay Syneron compensatory as well as treble and/or punitive damages and/or interest based on the Viora Defendants' wrongful conduct against Syneron in violation of unfair competition, false advertising, and antitrust laws;

I.      A judgment and order that permanently restrain and enjoin the Viora Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, or others controlled by any of them, and all persons in active concert or participation with any of them, from publishing, producing, commissioning, printing, distributing, or disseminating false and misleading claims regarding the Viora Defendants' products or business including, but not limited to, the false and misleading claims regarding Viora Reaction outlined above;

J.      A judgment and order requiring the Viora Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, or others controlled by any of them, and all persons in active concert or participation with any of them, to immediately recall all videos, advertisements, and other materials containing any false or misleading claims regarding Viora Reaction;

K.      A judgment and order requiring the Viora Defendants to immediately issue to all Viora Reaction customers, and publish on all the Viora Defendants' websites, a written statement approved by Syneron that the Viora Defendants' materials contain false and

misleading statements and misrepresent the quality, nature, characteristics, and/or performance of Viora Reaction;

L.      A judgment and order requiring the Viora Defendants to account for and pay to Syneron any and all profits arising from the foregoing acts and enhancing such profits for payment to Syneron because of the willful acts described herein;

M.      An order directing that, within thirty (30) days after the entry of the injunction, the Viora Defendants will file with this Court and serve on Syneron's attorneys a report in writing and under oath setting forth in detail the manner and form in which the Viora Defendants have complied with Paragraphs I-K;

N.      A judgment and order requiring the Viora Defendants to pay Syneron all of its litigation expenses, including attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117 and other applicable laws; and

O.      Such other costs and further relief that the Court deems just and proper.


Date: May 22, 2014                              Respectfully submitted,


                                                */s/ Trey Yarbrough*
                                                Trey Yarbrough
                                                Bar No.  22133500
                                                YARBROUGH WILCOX GUNTER, PLLC
                                                100 E. Ferguson St., Ste. 1015
                                                Tyler, TX 75702
                                                (903) 595-3111
                                                Fax: (903) 595-0191
                                                trey@yw-lawfirm.com

Gerson S. Panitch
Christopher T. Blackford
Jennifer K. Robinson
FINNEGAN, HENDERSON, FARABOW,
GARRETT, & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Attorneys for Plaintiff Syneron Medical Ltd.